■ In the Matter of the Claim of ROXANNE WAY, Respondent, against ROCHESTER STATE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. It is not argued by appellant on this appeal that the decision of the board holding that claimant was disabled by an occupational disease contracted in employment is not warranted by the record; the narrower point made is that the failure to give written notice of disablement within 90 days (Workmen's Compensation Law, § 45) and to file a claim within two years thereof (§ 28) should have barred compensation. The disablement occurred in January, 1949 and it was not diagnosed by claimant's own physician as having been associated with the employment until May, 1951, at which time the claim was promptly filed. The employer is a hospital and provided medical care to its employees. Shortly after the disease was contracted claimant was examined and treated in June, 1948 by a physician provided under the direction of the employer. She told this physician that the symptoms she noticed came in connection with the work she was doing. There is some other testimony to the effect that her supervisor knew of her physical difficulty. From these facts the board could find that the employer "had knowledge of the disablement", here the contraction of the occupational disease, so as to permit the board to excuse failure to give written notice (Workmen's Compensation Law, § 18); and could have considered the treatment by the same physician of the occupational disease with some knowledge of its association with the work as an advance payment of compensation excusing the filing of a formal claim under section 28. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CHARLES COOKINGHAM, Appellant.— Appeal from an order of the Schenectady County Court which denied appellant's application for relief under a writ of error coram nobis. On May 18, 1954 appellant was convicted upon a plea of guilty of the crime of grand larceny in the second degree. He was arraigned as a second felony offender under an information filed by the District Attorney of Schenectady County. This information charged, and there is no dispute about the facts, that theretofore and on May 15, 1940 appellant was convicted of grand larceny in the second degree and given a suspended sentence of from two and one-half to five years in prison; and also placed on probation for five years. For the purpose of imposing sentence as a second offender a suspended sentence shall be regarded as a conviction (Code Crim. Pro., § 470-b). Apparently the only contention raised by appellant is that the district attorney was required to proceed by indictment instead of by information in pleading a second offense. This contention is without merit (People v. Hunter, 3 A D 2d 926; Penal Law, § 1943). Counsel assigned to act for appellant has brought to our attention every conceivable argument in favor of appellant, and has performed his duty conscientiously. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.